IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



*FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:32 pm, Aug 03, 2020*

| | |
|---|---|
| GWENDOLYN KITTLES,<br><br>      Plaintiff,<br><br>  v.<br><br>WALMART STORES EAST, LP; and STEVE THOMAS,<br><br>      Defendants. | CIVIL ACTION NO.: 2:20-cv-69 |

## CONSENT CONFIDENTIALITY ORDER

This matter is before the Court on the parties' Joint Motion for Protective Order. Doc. 13. Having fully considered the parties' Motion and for good cause shown, the Court **GRANTS** the parties' Motion, subject to the following modifications:

    A.    The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

    B.    Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

    C.    Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

The Court further **ORDERS** as follows:

1. **Non-Disclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a

confidential document or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person. A "stamped Confidential Document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosure**. Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of litigation involving Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP (hereinafter "Walmart"); to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional service in such litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to court officials involved in such litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and to the parties in this case. Subject to the provisions of subparagraph (C), such documents may also be

disclosed:

A. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

B. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, and to employees of third-party contractors performing one or more of these functions; to any person serving as a juror in a trial of the captioned matter; or any other person designated by written agreement between the parties or the subsequent order of the Court after reasonable notice to all parties.

C. If the receiving party desires to disclose documents, materials, or information designated as "Confidential," or information derived therefrom, to any individual not authorized to receive "Confidential" information under paragraph 2, the receiving party shall first identify to the producing party, in writing, the documents, materials, or information that it desires to disclose and the name, title, and job responsibilities of each such individual to whom the receiving party wishes to disclose the documents, materials or information designated as "Confidential" and the reasons why the receiving party wishes to disclose such confidential documents, materials or information.  The producing party shall,

        within 48 hours of receiving said written notice, inform the receiving party in writing whether it consents or objects to the proposed disclosure.  The receiving party may seek a prompt hearing before this Court for an Order allowing the proposed disclosure and the producing party will cooperate in obtaining such a prompt hearing.

3. **Declassification**.  If a party objects to the designation of any material as confidential information, the attorneys for the party will first consult in a good faith attempt to come to an agreement as to the document, testimony or information which is claimed to constitute confidential information.  Should a party object to the designation of any material as confidential information, and the parties cannot come to an agreement as to the information, the objecting party may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection.  The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show good cause for the document to have such protection.  Until the Court enters an order, if any, changing the designation of the material, it shall continue to be treated as confidential and as a protected document as provided in this Order.

4. **Confidential Information in Depositions**.

    A.    During a deposition, an employee or former employee of Walmart or any expert designated by Walmart may be shown and examined about stamped confidential documents identified by Walmart.

    B.    Any other deponent may, during the deposition, be shown and examined

about stamped confidential documents if the deponent already knows the confidential information contained therein or if compliance with the provisions of Paragraph 2 is had.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Paragraph 2.  A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about or asked to produce potentially confidential documents.

C. The parties (and deponents) may, within 30 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential–Subject to Protection Pursuant to Court Order."  Under expiration of the 30-day period, the entire deposition will be read as subject to protection against disclosure under this Order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial.**  Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at

5

trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or Order.

7. **Client Communication**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 2(B) and (C).

8. **Use**. Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of litigation involving Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Realty Company, or Wal-Mart Stores East, LP (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

9. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to

be otherwise improper.

10. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing under seal.

   A. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

   B. The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within 90 days of the date of termination of this action through settlement or the issuance of a final non-appealable order, each party and non-party shall, unless otherwise agreed, assemble all documents that disclose Confidential Information in its possession, custody, or control, including copies, and destroy same with written certification of its destruction to the producing party (via email, letter, etc.) or send it to the producing party upon written request.

12. Each person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of this Order.

13. The provisions of this Confidentiality Order shall not terminate with the disposition of this action but shall continue in effect until further order of the Court.

14. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, discoverability of the

confidential documents and information sought.

**SO ORDERED**, this 3rd day of August, 2020.

                                                                    BENJAMIN W. CHEESBRO
                                                                    UNITED STATES MAGISTRATE JUDGE
                                                                    SOUTHERN DISTRICT OF GEORGIA